Avery, J.
The question presented for our consideration is, whether the mortgage to CoIIard is by the operation of law extinguished, by reason of Towner becoming Collard’s executor.
If the question is to be answered in the affirmative, then a principle is established, by which the sureties of an executor may be forced themselves to pay the debt which the executor owed to the testator; and though the testator had provided ample security for the payment of the debt by a mortgage of land, yet the sureties are not allowed to save themselves from loss, or to derive any benefit from the property expressly pledged for the payment of the debt.
But not only the bail of the executors are thus exposed to suffer loss, but from the heirs also, and creditors of the estate *266 is taken an important'security, which the prudence of the testator had provided. This is taken from them against their consent, when perhaps it is the only valuable security they have, a security which is durable in its character, and not uncertain as that often turns out to be, which is given by an executor to the Court. But a result of this doctrine may be, that the mortgage will at times be extinguished for the sole benefit of a stranger, who has paid no consideration for it whatever. Other evils also and injurious effects may be supposed, as likely enough to be produced, by cancelling the mortgage in such a manner; while if it can be continued and preserved in force until the debt is actually paid by the mortgagor, it will be in strict accordance with the original • design of the parties, and will operate to produce no injustice towards them, or any other person having either legal or equitable claim upon the land.
But it is said that the debt is extinguished, and that the mortgage, therefore, which was given only to secure payment of the debt, must of necessity be also extinguished.
By the case of Bigelow v. Bigelow, 4 Ohio Rep. 138, it is decided that an action at law cannot be sustained upon the obligation, and by the appointment of the debtor to be the administrator of his creditor, the debt becomes assets in the hands of the administrator.
But this is not a payment, in fact, of the debt. The administrator cannot sue himself, yet the debt is justly due from him to the estate. He is bound to collect, or endeavor to collect, all the debts; and as he cannot bring a suit for this, he is treated as having the money already in his hands. In this respect, a fiction is employed to accomplish a useful result, under that decision of the' Court. But a fiction will never be allowed to work injustice, when it may be avoided. Nor does it follow, because an action at law will not lie for the debt, that proceedings in chancery cannot be maintained to subject the land according to the terms of the mortgage. A remedy upon the mortgage exists, independent of the right to sue at law.
This same distinction is observed by the Courts of Massachu *267 setts. There it is held that the debt of an executor is assets in his hands, because the executor cannot sue himself; 12 Mass. Rep. 199. And they hold that the mortgage given to the debt, is not extinguished upon the mortgagor’s becoming executor of the mortgagee.
We consider that there is no principle which requires us to treat the mortgage, in the present case, as destroyed, when Towner became the executor of Collard; and, therefore, we declare it to be still a subsisting incumbrance upon the land, and Mitchell, the administrator de .bonis non, to be entitled to proceed upon the mortgage against Towner, the removed executor, and against the other and subsequent mortgagees.
As the decree of the Common Pleas did not recognize such a principle, that decree is reversed.